UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL J. BUCKNER, JR.                                                          Plaintiff

v.                                                          Civil Action No. 3:25-cv-596-RGJ

TATA CONSULTANCY SERVICES LTD.[1]                                                Defendant

* * * * *

## MEMORANDUM OPINION & ORDER

*Pro Se* Plaintiff Michael Buckner ("Buckner") moves "for reassignment of this case to a different judge pursuant to 28 U.S.C. § 455(a) and this Court's inherent authority to preserve public confidence in judicial proceedings." [DE 5 at 20].  No response has been filed by Defendant Tata Consultancy Services Limited ("TCS") and the time for doing so has passed.[2]  This matter is ripe. For the reasons below, Buckner's Motion for Reassignment [DE 5] is **DENIED.**

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Buckner was employed by Tata Consultancy Services Limited, Inc. ("TCS").  Buckner asserts this suit

> is an action for unlawful employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, arising from Defendant Tata Consultancy Services Limited, Inc.'s ("TCS") retaliatory termination of Plaintiff after he engaged in protected activity, including opposing

---

[1] As stated by Defendant the correct entity name is "Tata Consultancy Services Limited" (i.e. without "Inc.").  The Clerk is Ordered to correct same on the docket sheet.

[2] TCS has entered only a special appearance to contest personal jurisdiction, asserting that

> because Plaintiff Michael Joshua Buckner, Jr. did not serve TCS with a summons. He also personally served his Complaint in violation of Rule 4. Pursuant to Rules 12(b)(2), (4), and (5), these deficiencies mandate dismissal because the Court does not have personal jurisdiction over TCS. TCS alternatively moves for dismissal for failure to state a claim.

[DE 9 at 45].

1

workplace discrimination and pursuing claims related to defamation and retaliation tied to his employment with Hilton Worldwide Holdings Inc.

[DE 1 at 14].

The claims in this case are largely similar to those made in *Buckner v. Hilton Worldwide Holdings, Inc. et al.*, W.D. Ky. Civil Action No. 3:24-cv-375-RGJ (the "*Hilton* Action"). The claims arise from an employment dispute which began with an email exchange between Buckner and Hilton Employee Brian Waller ("Waller") and included Hilton employees, third-party contractors, and third-party vendors, although all were using internal "Hilton" email addresses. [*Hilton* Action, DE 12-1 at 66-75]. According to Buckner, on May 7, 2024, he replied to an email, saying "[w]e need a date for the sync up." [*Id*.]. And in response, Waller, an employee of Hilton, sent an email, which said: "Hello all, Michael [Buckner]/ Vaibhav, just wanted to call out the tone in these emails is rather aggressive. Not the Hilton way." [*Hilton* Action, DE 31-1 at 218]. Buckner asserted that the statements "falsely accused [Buckner] of aggressive misconduct, company misconduct and violation of traditional professionalism." [*Hilton* Action, DE 31-1 at 218-19]. After receiving this email, Buckner filed suit on May 24, 2024. [*Hilton* Action, DE 1-1 at 8-9]. On November 20, 2024, TCS, terminated Buckner's employment. [*Id*.].

In the *Hilton* Action, Buckner sought to amend his complaint to ultimately assert claims of Retaliation, Wrongful Termination in Violation of Public Policy, and Civil Conspiracy against TCS. [*Id*.]. This Court found amendment to add claims futile. In addition, this Court granted Hilton's Motion to Dismiss, finding that his libel defamation claim in his original complaint failed to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court also granted Waller's Motion to Dismiss. [*Hilton* Action, DE 28]. The Case was then dismissed in its entirety with prejudice. [DE 36; DE 37]. Buckner then moved for Recusal of the undersigned [DE

2

38]. Buckner appealed on the merits ten days later. [DE 39]. This Court denied his request for recusal. [DE 45]. The Sixth Circuit later affirmed this Court's dismissal. [DE 48].

One month prior to the appellate decision, Buckner filed this suit against TCS asserting Count I – Retaliation, Count II – Race Discrimination, and Count III – Wrongful Termination in Violation of Public Policy, based on the same basic facts at the *Hilton* Action. [DE 1 at 16]. By random draw it was assigned to the undersigned. [DE 2]. Buckner now moves in this new action for reassignment on nearly identical grounds. [DE 5].

## II.    DISCUSSION

Buckner moves for reassignment under 28 U.C.S. § 455(a) asserting that

1.  This matter has been assigned to the Judge Rebecca Grady Jennings, the same judge who presided over Plaintiff's prior action, Buckner v. Hilton Worldwide Holdings Inc., No. 3:24-cv-00375-RGJ (W.D. Ky.).

2.  Plaintiff previously moved for recusal in that action based on concerns that Judge Jennings' spouse is a partner at Commonwealth Alliances, a lobbying firm with financial and business ties to multinational corporations, including Microsoft. Microsoft is a strategic partner of Defendant Tata Consultancy Services (TCS).

3.  Although recusal was denied in the prior action, the appearance of partiality remains present here, where TCS itself is now the sole defendant and where its strategic partnership with Microsoft presents a clear nexus to the judge's household interests.

4.  Under 28 U.S.C. § 455(a), a judge must disqualify herself in any proceeding where her impartiality might reasonably be questioned. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988).

5.  Reassignment is also appropriate under Sixth Circuit precedent when public confidence in the judiciary may be compromised. See United States v. Poole, 531 F.3d 263, 281 (6th Cir. 2008).

[DE 5 at 20-21]. Buckner provides no other statements or grounds for reassignment or recusal.

In his prior motion for recusal in the *Hilton* Action, Buckner set forth the following "facts" in support of his motions:

3

- The judge's spouse is a paid lobbyist with Commonwealth Alliances.

- Commonwealth Alliances represents or may represent interests aligned with global technology and consulting firms – Microsoft among them.

- Plaintiff's claims involve defamation and retaliation by multinational corporations, including Hilton Worldwide Holdings and Tata Consultancy Services (TCS) – entities whose operations and legal positions may be directly or indirectly aligned with those of Microsoft and others with ties to the lobbying industry.

[*Hilton* Action, DE 38 at 320].  Buckner then alleged these "connections" create the "appearance of partiality that is legally intolerable.  No reasonable person could read this arrangement and feel confident that the courtroom was free from the shadow of corporate lobbying and institutional favoritism." [*Id.*].

### A. Standard

"A district judge is presumed to be impartial, and the party challenging such impartiality bears 'the substantial burden of showing otherwise.'" *Fharmacy Records v. Nassar*, No. 05-cv-72126, 2008 WL 4965337, at *3 (E.D. Mich. Nov.18, 2008) aff'd, 379 F. App'x 522 (6th Cir. 2010) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) and in turn quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)); *Scott v. Metro. Healthcare Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007). "The burden is not on the judge to prove that he is impartial." *Id.* "The standard is an objective one." *United States v. Gallion*, No. 07-39(WOB), 2008 WL 1904669, at *2 (E.D. Ky. Apr. 29, 2008) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "[T]he judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *Id.* (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990), and citing *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). "Indeed, there 'is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.'" *Id.*; *see also Laird v. Tatum*, 409 U.S. 824, 837 (1972)

4

(noting "equal duty" principle"); *United States v. Angelus*, 258 F. App'x 840–42 (6th Cir. 2007) ("Although a judge is obliged to disqualify himself when there is a close question concerning his impartiality . . . he has an equally strong duty to sit where disqualification is not required) (inner quotations and citations omitted); *Hinman v. Rogers*, 831 F.2d 937, 939–40 (10th Cir. 1987) (collecting cases); *Fharmacy Records v. Nasser*, 572 F. Supp. 2d 869, 876 (E.D. Mich. 2008) ("[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited.") (citation omitted).

## B. Analysis

Section 455(a) of Title 28 provides that a United States judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Personal bias as used in this section is "prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Fharmacy Records*, 572 F. Supp. 2d at 875 (quoting *United States v. Nelson*, 922 F.2d 311, 319–20 (6th Cir. 1990)). It may be predicated on extrajudicial sources such as the judge's background or associations. *Id.* Disqualification under § 455(a) and (b) must be predicated upon extrajudicial conduct rather than on judicial conduct." *City of Cleveland v. Krupansky*, 619 F.2d 576, 579 (6th Cir. 1980*)*; *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003); *see generally, Liteky*, 510 U.S. 540. "Bias finding its source in the judge's view of the law or the facts of the case itself is not sufficient to warrant disqualification." *Fharmacy Records*, 572 F. Supp.2d at 875 (citing *Story*, 716 F.2d at 1090).

Section 455(b) designates particularized situations in which recusal is mandated. *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 382 (6th Cir. 1997).[3]

---

[3] None of these circumstances are alleged here and the Court confirms none exist.

Under §455(c) a judge is under a statutory duty to "inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children." 28 U.S.C. § 455(c). "Scienter is not an element of a violation of § 455(a)," but knowledge is required under § 455(b). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859 (1988). A "financial interest" is defined as "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party[.]" 28 U.S.C. § 455(d)(4). Courts have interpreted "financial interest" to refer to a direct interest, not a "remote or contingent" interest. *In re Virginia Elec. & Power Co.*, 539 F.2d 357, 366–67 (4th Cir. 1976); *see also Scott*, 234 F. App'x at 357 ("[W]e we hold that 'disqualification is not required on the basis of [such] remote, contingent, indirect or speculative interests.'" *United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000)).

Section 455 "does not require the judge to 'accept as true the allegations made by the party seeking recusal.'" *Scott*, 234 F. App'x at 353–54 (quoting *In re Martinez–Catala*, 129 F.3d 213, 220 (1st Cir. 1997)). Rather, the district court may make the necessary factual findings and decide whether the facts warrant disqualification. When considering a § 455 recusal request, "the judge is free to make credibility determinations, assign to the evidence what he believes to be its proper weight, and to contradict the evidence with facts drawn from his personal knowledge." *Id.* at 354. The standard under § 455 is objective. *Roberts*, 625 F.2d at 129. "[A] judge must recuse herself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *see also Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016); *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013). Because the standard is objective, the judge need not recuse herself based on the subjective view of a party. *See Sammons*, 918 F.2d at 599. As a practical matter, the only basis

6

for establishing bias or prejudice is an "extrajudicial source." *United States v. Howard*, 218 F.3d 556, 566 (6th Cir. 2000) (quoting *Liteky*, 510 U.S. 540).

Buckner asserts recusal is necessary under 28 U.S.C. § 455(a) only. There is no question that the Court's prior rulings in the *Hilton* Action cannot form the basis for recusal. *Fharmacy Records*, 572 F. Supp. 2d at 875 (quoting *Nelson*, 922 F.2d at 319–20). Thus, the Court looks to the extra judicial conduct which causes the alleged appearance of partiality.

Here, Buckner appears to assert that Mr. Jennings' representation of Microsoft, specifically, which he asserts is a "strategic partner" of TCS, "presents a clear nexus to the judge's household interests." [DE 5 at 16].  Buckner, however, does not assert what those interests are. Simply put, Mr. Jennings does not represent TCS, as such Mr. Jennings does not represent any party to the proceeding.  Moreover, Buckner's case is a defamation and employment matter, and while Buckner asserts that Commonwealth Alliances is a "lobbying firm with financial and business ties to multinational corporations, including Microsoft," he fails to point to any specific issue or client related specifically to his case or to the defamation or employment issues generally. Mr. Jennings does not represent TCS or Microsoft on any specific issues of defamation or wrongful termination liability that would have any implications here, nor does Buckner point to any.  This alleged relationship to Buckner's case is far too tenuous and simply unrelated to create the appearance of partiality or require recusal or reassignment.

Even assuming a closer connection, "[a]s a general proposition, the fact that the spouse or the spouse's business has a business relationship with an entity that appears in an unrelated proceeding before the judge usually does not require the judge's recusal." *Garrett v. Ohio State Univ.*, No. 2:18-CV-692, 2021 WL 7186381, at *5 (S.D. Ohio Sept. 22, 2021), *aff'd*, No. 21-3972,

2023 WL 2012158 (6th Cir. Feb. 15, 2023) (citing Guide to Judiciary Policy, Vol. 2, Ch. 2, Advisory Opinion No. 107). Even still,

> When a judge knows that a client of the judge's spouse or the spouse's business appears before the judge, the Committee has advised that the judge should evaluate certain factors to determine whether recusal is warranted. These factors include: (1) the spouse's personal role or lack of personal role in providing services to the client, (2) whether the services provided to the client are substantial and ongoing, (3) the nature of the client's relationship to the spouse or the spouse's business, and (4) the financial connection between the client, the business, and the judge's spouse (including the percentage of business revenue the client provides and the amount of compensation the spouse earns from the client). Additionally, judges should consider recusal whenever they become aware of circumstances suggesting that the hiring of the spouse or the spouse's business may have been influenced by the judge's position.

*Id.*

Neither Microsoft nor any of Commonwealth Alliances' clients are parties to this litigation. Not only are they not parties, but they are also not witnesses in this matter. *United States v. Turner*, No. CRIM. 05-02, 2005 WL 3234331, at *1 (E.D. Ky. Nov. 30, 2005). As a result, the policy guidance is not directly applicable because any connection to Mr. Jennings' business is farther removed, yet reviewing the factors further demonstrates that his representation is not grounds for recusal. (1) Mr. Jennings' clients are not appearing before the undersigned in this case. (2) The work performed by Mr. Jennings for Microsoft's and Commonwealth Alliances' other clients is entirely unrelated to this case or even the subject matter of this litigation. (3) Microsoft and all other Commonwealth Alliances' clients' relationship with Mr. Jennings' business is solely through an arm's-length contract for specific services. (4) Microsoft is just one of approximately 80 clients serviced by Mr. Jennings and Commonwealth Alliances from which Mr. Jennings derives income. (5) While Microsoft is a long-time client of Mr. Jennings' business, it has never been represented in relation to any defamation or other employment issues in Kentucky by Mr. Jennings and Mr. Jennings has no specific relationship, financial, contractual or otherwise with TCS. (6) There is no

allegation, nor could there be any evidence, that Mr. Jennings was hired by Microsoft because of the undersigned's position, in part due to the fact that the relationship began long before the undersigned took the bench. Mr. Jennings has no financial, business, or personal relationship with TCS. Based on these factors, there are no grounds for an objective person with knowledge of the facts to question the impartiality of the undersigned or for the undersigned to recuse.

## CONCLUSION

Accordingly, the Court, having considered the Buckner's motion and related filings and being otherwise sufficiently advised, **IT IS ORDERED** that Buckner's Motion for Recusal [DE 5] is **DENIED.**

Rebecca Grady Jennings, District Judge
United States District Court

April 2, 2026

cc:    Plaintiff, pro se

9